IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13994-A

_____

IN RE: JOSEPH DEMOND WRIGHT,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before:   ED CARNES, Chief Judge, TJOFLAT and ROSENBAUM, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Joseph Demond Wright has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255.  Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the

application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In *In re Palacios*, we determined that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2). 931 F.3d 1314, 1315 (11th Cir. 2019) (denying an application for leave to file a successive § 2255 motion that was premised on *Rehaif*). Further, we determined that, even if *Rehaif* had announced a new rule of constitutional law, the Supreme Court has not made that decision retroactive to cases on collateral review. *Id.*

In his application, Wright indicates that he wishes to raise two claims in a subsequent § 2255 motion. First, he asserts that he is actually innocent of his 18 U.S.C. § 922(g)(1) conviction under *Rehaif v. United States* because he did not know that he belonged to a category of individuals barred from possessing firearms. Second, he asserts that he received ineffective assistance of counsel because his counsel advised him to plead guilty even though his federal charges violated the Double Jeopardy Clause. Wright asserts that he was convicted in 2002 in a Georgia state court on charges related to possession of a firearm that involved the same elements as his federal charges, which he pled guilty to in 2004. He cites to *Ohio v. Johnson*, 467 U.S. 493 (1984); *Williams v. Singletary*, 78 F.3d 1510 (11th Cir. 1996); *Blockburger v. United States*, 284 U.S. 299 (1932); and *Tarpley v. Dugger*, 841 F.2d 359 (11th Cir. 1988). In addition, Wright asserts that he is eligible for the appointment of counsel to assist him in filing his *Rehaif* and Double Jeopardy claims.

2

We deny Wright's application.    First, *Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2). *In re Palacios*, 931 F.3d at 1315.    Further, the Supreme Court did not make *Rehaif* retroactive to cases on collateral review.    *Id.*    In addition, Wright does not identify any newly discovered evidence related to his *Rehaif* claim.    *See* 28 U.S.C. § 2255(h)(1).    Second, Wright does not identify any newly discovered evidence to support his Double Jeopardy claim.    *See id.*    In addition, the cases that he cites do not support his claim because they were either decided by the Supreme Court before he filed his original § 2255 motion, and so are not "new," or were decided by courts other than the Supreme Court.    *See id.* § 2255(h)(2).    As neither of the claims that Wright wishes to raise are viable, his request for appointed counsel is moot.

Accordingly, because Wright has failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.

3

Joseph Wright wishes to raise a claim under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), seeking to vacate his conviction under 18 U.S.C. §§ 922(g) and 924(a)(2), based on the assertion that the government failed to allege and prove he had knowledge he possessed a firearm and was a felon. I concur in the panel's ultimate denial of authorization to bring a second or successive claim under § 2255(h), though I do not believe Wright is foreclosed altogether from seeking to bring his *Rehaif* claim. True, Wright's claim is not cognizable under 28 U.S.C. § 2255(h), since it involves only a new rule of statutory law, not constitutional law. And in this Circuit, Wright's claim is not cognizable under 28 U.S.C. § 2255(e), either, because in *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1093 (11th Cir. 2017) (*en banc*), by which we are bound, we held that a prisoner may file a second or successive claim for habeas relief, challenging his conviction through that subsection only when the sentencing court is unavailable.[1]

---

[1] I agree that a prisoner may perhaps be able to use § 2255(e) to challenge his conviction when the sentencing court is unavailable. But I firmly disagree that this circumstance stands alone as the only one where a prisoner can use § 2255(e) to challenge his conviction. Were that the case, § 2255 would preclude the filing of certain habeas claims, such as the one at issue here, that appear to be constitutionally required under the Suspension Clause. *See McCarthan*, 851 F.3d at 1121-58 (Rosenbaum, J., dissenting); *see also infra*. In *McCarthan*, we also said a prisoner may file a second or successive claim under § 2255(e) to challenge the execution of his sentence. *McCarthan*, 851 F.3d at 1092-93. I continue to believe this aspect of our ruling in *McCarthan* is also demonstrably wrong. Among other reasons, 28 U.S.C. § 2241, by its terms, already permits such claims to be brought without reference to § 2255, so reading § 2255(e) to allow execution-of-sentence claims would render it surplusage. *See McCarthan*, 851 F.3d at 1128-19, 1148 (Rosenbaum, J., dissenting); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the

But Wright is not imprisoned in this Circuit, so *McCarthan*, which I continue to believe we wrongly decided, *see McCarthan*, 851 F.3d at 1121-58 (Rosenbaum, J., dissenting), does not bind the court where he is imprisoned.

I therefore write separately for three reasons. First, contrary to what we held in *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019), and as I explained in my concurring opinion in that case, the rule announced in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), is retroactively applicable to cases on collateral review because *Bousley v. United States*, 523 U.S. 614 (1988), in combination with *Bailey v. United States*, 516 U.S. 137 (1995), necessarily "logically dictate[s] the retroactivity of the new rule." *In re Henry*, 757 F.3d 1151, 1160 (11th Cir. 2014). Second, because *Rehaif*'s rule is a retroactively applicable new rule of statutory law, not of constitutional law, 28 U.S.C. § 2255(e), not § 2255(h), should govern Wright's claim, but it cannot in this Circuit since we are bound by the incorrectly decided *McCarthan* case. And third, Wright is imprisoned in South Carolina, in the Fourth Circuit, so *McCarthan* does not bind that court in its construction of § 2255(e). As a result, in the Fourth Circuit, Wright may be able to use § 2255(e) to bring a second

---

sentence itself, are properly brought under § 2241."). Of course, that aspect of our decision in *McCarthan* is not relevant to the pending application for an order seeing authorization to file a second or successive motion to vacate, set aside, or correct factual sentence, so I do not discuss it further.

5

or successive habeas claim testing the legality of his conviction (and therefore his detention) under 28 U.S.C. § 2241.

First, the rule announced in *Rehaif* is retroactively applicable to cases on collateral review because it is a new rule of substantive law. The Supreme Court has declared that "new substantive rules generally apply retroactively." *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016) (cleaned up). And the Suspension Clause—as demonstrated by *Bailey*, 516 U.S. 137, and *Bousley*, 523 U.S. 614—requires that this retroactivity applies with equal force to cases on collateral review.

More particularly, *Rehaif*'s rule is a new rule of substantive law because it is a new rule of statutory law that clarifies that courts have, until the issuance of the *Rehaif* rule, construed § 922(g) too broadly, in violation of the separation of powers, to criminalize conduct that Congress did not, in fact, criminalize. In other words, the *Rehaif* rule "alters the range of conduct or the class of persons that the law [is understood to] punish[]." *Id.* at 1264-65. It does so by "narrow[ing] [the previously understood] scope of a criminal statute by interpreting its terms . . . ." *Id.* at 1265.

And new substantive rules of statutory law are retroactively applicable on collateral review to the same extent that new substantive rules of constitutional law are. Indeed, *Welch* teaches that the Supreme Court does not distinguish between the retroactivity of new substantive rules of law that are statutory in nature and that of those that are constitutional in nature. *See id.* at 1264-65.

6

For example, in *Bailey*, 516 U.S. 137, and *Bousley*, 523 U.S. 614, the Supreme Court considered a new substantive rule of statutory law that, for purposes of determining retroactivity, is materially indistinguishable from the rule announced in *Rehaif.* In *Bailey*, the Supreme Court construed 18 U.S.C. § 924(c)(1), which, at the time, imposed a prison term upon a person who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm," to require evidence that the defendant actively employed the firearm during and in relation to the predicate crime. *Bailey*, 516 U.S. at 142-43. Previously, some courts had interpreted the provision to require evidence of only accessibility and proximity of a firearm during a drug-trafficking crime, not of active employment.

Based on *Bailey*'s reading of § 924(c)(1), the Supreme Court identified *Bailey* as a "decision[] of this Court holding that a substantive federal criminal statute does not reach certain conduct" and determined that pre-*Bailey* applications of § 924(c)(1) "necessarily carr[ied] a significant risk that a defendant st[ood] convicted of an act that the law does not make criminal." *Bousley*, 523 U.S. at 620 (cleaned up). That, the Supreme Court explained, presented a constitutional problem, "[f]or under our federal system it is only Congress, and not the courts, which can make conduct criminal." *Id.* at 620-21. So, the Supreme Court summarized, "it would be inconsistent with the doctrinal underpinnings of habeas review to preclude [a prisoner] from relying on our decision in *Bailey* in support of his claim that his guilty

7

plea [to § 924(c)(1)] was constitutionally invalid.[19] *Id.* at 621. As a result, the Supreme Court determined that *Bailey*'s new substantive rule of statutory law was necessarily retroactively applicable under *Teague v. Lane*'s[2] conclusion establishing the retroactivity of new substantive rules. *See id.* at 620-21.

Precisely the same is true of a *Rehaif* claim. In *Rehaif*, the Supreme Court considered what the government must prove in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2). As relevant here, § 924(a)(2) provides that "[w]hoever knowingly violates" § 922(g) "shall be" subject to penalties of up to 10 years' imprisonment. Section 922(g) then identifies various persons who may not lawfully "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g). Before the Supreme Court issued *Rehaif*, some courts, including ours, construed these provisions to mean that the government did not have to prove that the defendant knew he was one of the various types of individuals identified in § 922(g) as prohibited from possessing a firearm or ammunition. But in *Rehaif*, the Supreme Court concluded that the statutory text requires the government to prove that the defendant knew he fell into one of the categories of individuals prohibited from possessing a firearm or ammunition. *Rehaif*, 139 S. Ct. at 2195-96.

*Rehaif* announced the same type of new substantive rule of statutory law that *Bailey* did. In both cases, the Supreme Court issued a "decision[] . . . holding that a

---

[2] 489 U.S. 288 (1989).

substantive federal criminal statute does not reach certain conduct," that, before the applicable Supreme Court decision, courts routinely applied to reach the non-covered conduct. *See Bousley*, 523 U.S. at 620. As a result, as the Court determined in *Bousley* with respect to pre-*Bailey* applications of § 924(c)(1), pre-*Rehaif* applications of §§ 922(g) and 924(a)(2) "necessarily carr[y] a significant risk that a defendant stands convicted of an act that the law does not make criminal." *Id.* And "it would be [just as] inconsistent with the doctrinal underpinnings of habeas review to preclude [a prisoner] from relying on [the Supreme Court's] decision in [*Rehaif*] in support of his claim that his [conviction under §§ 922(g) and 924(a)(2)] was constitutionally invalid," *id.* at 621, as the Supreme Court determined it would be to preclude a prisoner from invoking *Bailey* to support his habeas claim that his conviction under § 924(c) was invalid.

In short, *Bailey* and *Bousley* logically and necessarily demand the conclusion that *Rehaif* announced a new rule of substantive law that is retroactively applicable under *Teague*. *See also Montgomery v. Louisiana*, 136 S. Ct. 718, 729-31 (2016) ("substantive rules must have retroactive effect regardless of when the defendant's conviction became final"). That means a prisoner with a *Rehaif* claim must be able to seek habeas relief.

But as to my second point, a prisoner has no way under § 2255(h) to bring a second or successive claim based on *Rehaif* because *Rehaif* announced a

9

retroactively applicable new rule of statutory law, while § 2255(h) allows for second or successive claims based on only a retroactively applicable new rule of *constitutional* law. Therefore, a prisoner with a *Rehaif* claim must be able to bring his claim under § 2255(e), or § 2255 would be in serious jeopardy of violating the Suspension Clause. *See McCarthan*, 851 F.3d at 1121-58 (Rosenbaum, J., dissenting); *see also Bruce v. Warden Lewisburg USP*, 868 F.3d 170 (3d Cir. 2017) (explaining that new rules of statutory law are necessarily retroactively applicable to habeas claims under 28 U.S.C. § 2255(e)).

As I have explained, though, *McCarthan* (incorrectly, in my view) does not allow a prisoner in this jurisdiction to bring such a claim under § 2255(e). That brings me to my third point.

In Wright's case, it does not matter what *McCarthan* holds. *McCarthan* deals with § 2255(e), but § 2255(e), when applicable, authorizes the filing of a second or successive habeas petition under § 2241. And while claims under § 2255 must be brought in the sentencing jurisdiction, claims under § 2241 must be brought in the jurisdiction of imprisonment. Wright is imprisoned in South Carolina. That means that he must file any § 2241 claims in the Fourth Circuit. Accordingly, Fourth Circuit jurisprudence—not *McCarthan*—governs when he may use § 2255(e) to file a § 2241 claim. And use of § 2241 through § 2255(e)'s saving clause does not

10

require authorization to file a second or successive § 2255 application under § 2255(h).

Therefore, I agree with the panel's ultimate conclusion that we may not authorize Wright to file a second or successive § 2255 application under § 2255(h), since his claim is not based on a retroactively applicable new rule of constitutional law. But I see nothing that prevents Wright from seeking to bring his *Rehaif* claim in the Fourth Circuit as a § 2241 petition through § 2255(e)'s saving clause.[3]

---

[3] I express no opinion on the viability of any such claim under Fourth Circuit jurisprudence.